WEST DULUTH LAND COMPANY v. HENRY L. BRADLEY and Others.

January 17, 1899.

Nos. 11,295—(192).

**Judgment by Default—Collateral Attack—Failure to File Promissory Note with Clerk.**

In a collateral attack upon a judgment entered by default, in an action brought upon a promissory note, it is immaterial that the note was not filed with the clerk when the judgment was entered. At most, the omission is a mere irregularity.

**Execution against Two Persons—Joint and Separate Property.**

Under an execution in which an officer is commanded to satisfy the same out of the property of A. and B., judgment debtors, he may seize and sell the separate property of either or the joint property of both.

**Bradley v. Sandilands Followed.**

The decision in Bradley v. Sandilands, 66 Minn. 40, adhered to.

From an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial, defendants appealed. Affirmed.

*H. S. Lord,* for appellants.

*McCordic & Crosby,* for respondent.

COLLINS, J.

This was an action to determine adverse claims to vacant and unoccupied lands. Defendants answered, asserting title in themselves, and a trial resulted in a conclusion of law directing judgment for plaintiff. This appeal is from an order denying defendants' motion for a new trial.

1. The plaintiff's title to the property depends upon the validity of the execution sale in controversy, and passed upon, in Bradley v. Sandilands, 66 Minn. 40, 68 N. W. 321. We there held the sale valid. The defendants' claim of title here rests, as did the plain-

tiffs' in that case, upon the contention that the sale was wholly un-authorized and invalid, and that purchasers thereat failed to acquire title to the property sold. And the counsel who therein appeared for the plaintiffs, appears in this action for defendants and, with a very exhaustive brief in which the ground is again gone over, urges us to reconsider our former decision, and to overrule the conclusions then reached as to the original judgment and the execution upon which the sale was based. This we decline to do. As to the points therein decided we are content, and they were disposed of adversely to the present defendants' contention.

2. It is of no consequence in this collateral attack upon the judgment that the note sued upon does not affirmatively appear to have been filed with the clerk when the default judgment was entered. The omission, if any, did not affect the jurisdiction of the court over the person of the defendants. At most it was a mere irregularity.

3. It is argued that under the execution, which directed the sheriff to levy upon the property of the judgment debtors, legal levy could not be made upon the separate property of either debtor, but that the levy and sale could only be of their joint property. The recital in the sheriff's certificate of sale, that the property seized and sold was that of the debtor Catherine Ely, is the only thing in the record which tends to show that the separate property of one, instead of the joint property of both debtors, was levied upon. But the fact, if it be one, that the property in question belonged solely to one of the debtors is immaterial.

It is the universal practice to issue executions against two or more joint debtors in the form here followed, connecting them conjunctively, and not disjunctively. Under an execution in which an officer is commanded to satisfy the same out of the property of A. and B., judgment debtors, he may seize and sell the separate property of either or the joint property of both. See 8 Enc. Pl. & Pr. p. 422, and cases cited. This disposes of the case.

Order affirmed.